# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ANTHONY FLOWERS, SPENCER FLOWERS, and TYWANA FLOWERS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 09 C 1736 ) |
| "SECRETS" NIGHTCLUB, CITY OF DOLTON, ILLINOIS, DOLTON POLICE OFFICERS MARLON HARRIS, DAMON GRIFFIN and ENRIQUE HERRERA, and RESPECT 1 FAM SECURITY, and EDWARD CRAYTON, EASH LOFTON, and DeWAYNE YARBROUGH, | ) JUDGE GRADY ) ) MAGISTRATE JUDGE BROWN ) ) ) ) ) |
| Defendants, | |

## SECOND AMENDED COMPLAINT

Now come Plaintiffs, Anthony Flowers, Spencer Flowers, and Tywana Flowers

("Plaintiffs"), by and through their attorneys Jeffrey B. Granich, and Katie Z. Ehrmin,

and make the following complaint against Defendant "SECRETS" NIGHTCLUB; CITY

OF DOLTON, ILLINOIS; DOLTON POLICE OFFICERS MARLON HARRIS,

DAMON GRIFFIN and ENRIQUE HERRERA ("Defendant Officers"); and RESPECT 1

FAM SECURITY, and EDWARD CRAYTON, EASH LOFTON, and DeWAYNE

YARBROUGH ("Defendant Security Guards"),

### JURISDICTION AND VENUE

1. This complaint alleges violations of Plaintiffs' rights under the Fourth and

   Fourteenth Amendments to the United States Constitution and is brought pursuant

to 42 U.S.C. § 1983; therefore jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331.

2.  This is an action brought to redress a deprivation of Plaintiffs' rights under Illinois State Law for battery, intentional infliction of emotional harm, and malicious prosecution.

3.  This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

4.  Venue is proper under 28 U.S.C. § 1391(b) in that all parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

5.  At all times relevant hereto, Plaintiff Anthony Flowers was a 22-year old, African American male resident of Chicago, Illinois and a citizen of the United States.

6.  At all times relevant hereto, Plaintiff Spencer Flowers was a 25-year old, African American male resident of Chicago, Illinois and a citizen of the United States.

7.  At all times relevant hereto, Plaintiff Tywana Flowers was a 28-year old, African American female resident of Chicago, Illinois and a citizen of the United States.

8.  At all times relevant hereto, Defendant "Secrets" Nightclub is an Illinois nightclub authorized to do business in the state of Illinois, with its principal place of business located at 14112 Chicago Road, Dolton, Illinois.

9.  At all times relevant hereto, Defendant Respect 1 Fam Security is an Illinois business providing security services in the state of Illinois, with its principal place of business located at 9716 South Indiana, Chicago, Illinois.

10. At all times relevant hereto, Defendant Security Guards Edward Crayton, Eash Lofton, and DeWayne Yarbrough were security guards employed by Respect 1 Fam Security and providing security services to "Secrets" Nightclub and are residents of Cook County, Illinois.

11. At all times relevant hereto, Defendant City of Dolton is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer and principal of the Defendant Officers.

12. At all times relevant hereto, Defendant Dolton Police Officers Edward Crayton, Eash Lofton, DeWayne Yarbrough were City of Dolton Police Officers and were acting under the color of the law and within the scope of their employment.

## FACTS COMMON TO ALL COUNTS

13. During the late evening hours of January 24, 2009 Plaintiffs Anthony Flowers, Spencer Flowers, and Tywana Flowers arrived at "Secrets" Nightclub located at 14112 Chicago Road Dolton, Illinois to celebrate the birthday of their sister, Terry Flowers.

14. The Plaintiffs and their friends arrived at "Secrets" Nightclub on a private bus for the party and were inside the bar for approximately one hour.

15. After the Plaintiffs were at the bar for approximately one hour, one or more Defendant Security Guards approached the Plaintiffs.

16. At all times relevant hereto, Plaintiffs were acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Dolton.

17. One or more of the Defendant Security Guards approached the Plaintiffs and began to escort Plaintiff Spencer Flowers outside.  Before Plaintiff Spencer Flowers was fully outside the nightclub, one of the Defendant Security Guards stated to him, "Oh, you're a tough mother fucker ain't you" and then proceeded to hit the Plaintiff in the face.

18. Once completely outside "Secrets" Nightclub one or more Defendant Security Guards continued to physically harm and beat Plaintiff Spencer Flowers until he was forced to fall down to the ground where one or more Defendant Security Guards repeatedly struck and kicked him approximately five to ten more times.

19. Plaintiff Anthony Flowers attempted to protect his brother and co-Plaintiff, Spencer, from the unwarranted and unjustified physical attack upon him.  While attempting to protect his brother, Plaintiff Anthony Flowers was also struck in the face by one or more Defendant Security Guards causing him severe pain.

20. Plaintiff Tywana Flowers also attempted to protect co-Plaintiff Spencer from the assault of him by the Defendant Security Guards.  One of the Defendant Security Guard then grabbed Plaintiff Tywana Flowers and threw her roughly to the ground causing severe pain to Plaintiff Tywana Flowers's leg and body.

21. As a result of these violent, physical attacks Plaintiff Spencer Flowers sustained severe injury to his eye as well as numerous abrasions to his body.

22. At this time, one or more Defendant Dolton Police Officers arrived on the scene and immediately handcuffed Plaintiffs Anthony Flowers and Spencer Flowers at the direction of one or more of the Defendant Security Guards.

23. One or more of the Defendant Dolton Police Officers seized Plaintiffs Anthony Flowers and Spencer Flowers without a warrant, without probably cause, without witnessing any wrongdoing, and without making any attempt to ascertain the nature of the circumstances surrounding the vicious attack upon Plaintiff Spencer Flowers.

24. Both Plaintiff Spencer Flowers and Plaintiff Anthony Flowers repeatedly told the Officers that they had been attacked by the Defendant Security Guards.

25. One or more of the Defendant Dolton Police Officers then proceeded to transport Plaintiffs Anthony and Spencer Flowers to the Dolton Police Station where they were held in custody for several hours.

26. Plaintiffs Anthony Flowers and Spencer Flowers were ultimately released without any charges being filed against them.

27. After being released from police custody, Plaintiff Spencer Flowers was treated at Advocate Trinity Hospital for the injuries he sustained during the attack at "Secrets" Nightclub.

28. Plaintiff Spencer Flowers was advised by medical personnel at Advocate Trinity Hospital that there may be possible nerve damage to his left eye due to the injuries he sustained from the physical assault.

<b><u>Count I – 42 U.S.C. § 1983 False Arrest</u></b>

29. Plaintiffs re-allege paragraphs 1 through 28 as if fully repleaded herein.

30. On January 25th, 2009, Plaintiffs were seized and arrested without a warrant and without probable cause.  These seizures and arrests were in violation of Plaintiffs'

rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

31. Defendant Officers unlawfully and maliciously arrested Plaintiffs and wrongfully detained and searched them without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

32. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Dolton Police Department in that:

    a.    As a matter of both policy and practice, the Dolton Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b.    As a matter of both policy and practice, the Dolton Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Dolton Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiffs; specifically, Dolton Police officers accused of misconduct are aware that the City of Dolton will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Dolton Police Department abuse citizens in a manner similar to that alleged by Plaintiffs in this Count on a frequent basis, yet the Dolton Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Dolton Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Dolton has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Dolton does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Dolton refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint; and,

33. The acts committed by Defendant Officers were done maliciously, willfully and

wantonly, intentionally, and with reasonable certainty that the acts were in

violation of Plaintiffs' constitutional rights and would cause harm to Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment against Defendant Officers and

Defendant City in a fair and just amount sufficient to compensate them for the injuries

they suffered and continue to suffer, plus, Plaintiffs seek a substantial sum in punitive

damages against Defendants, costs and reasonable attorney fees, and all such other relief

as this Court finds just and equitable.

### Count II – 42 U.S.C. § 1983 Conspiracy

34. Plaintiffs re-allege paragraph 1 through 28 as if fully repleaded herein.

35. Defendant "Secrets" Nightclub, Defendant "Secrets" Security Guards, Defendant

City, and Defendant Dolton Police Officers, reached an understanding, engaged in

a sequence of events or course of conduct and otherwise agreed, and conspired

together to violate the constitutional rights of Plaintiffs.

36. Each Defendant did reach this understanding and agreement and did engage in

this course of conduct with the mutual purpose, objective and knowledge that it

would deprive Plaintiffs of their right of due process, as guaranteed by the

constitution.

37. Additionally, said conspiracy and joint action violated Plaintiffs' 14th Amendment

rights, under color of law, in contravention of 42 U.S.C. § 1983.

38. Acting in furtherance of this plan and conspiracy, Defendants did commit overt

acts, including the illegal seizure, detention, assault, and battery of Plaintiffs on

January 24, 2009, as more fully alleged in the preceding paragraphs.

39. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Dolton Police Department in that:

   a.   As a matter of both policy and practice, the Dolton Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b.   As a matter of both policy and practice, the Dolton Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Dolton Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Dolton Police Officers accused of misconduct are aware that the City of Dolton will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c.   As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Dolton Police Department abuse citizens in a manner similar to that alleged by Plaintiffs in this Count on a frequent basis, yet the Dolton Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Dolton Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Dolton has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

g. As a matter of express policy, the City of Dolton refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct.

40. This course of conduct by Defendants described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment against Defendant Officers, Defendant Security Guards, Defendant Nightclub and Defendant City in a fair and just amount sufficient to compensate them for the injuries they suffered and continue to suffer, plus, Plaintiffs seeks a substantial sum in punitive damages against Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count III– Battery

41. Plaintiffs re-allege paragraphs 1 through 28 as if fully repleaded herein.

42. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

43. The Defendant Security Guards maliciously, willfully, wantonly, and without lawful justification or authority caused physical injuries to Plaintiffs. Additionally, these Defendant Security Guards knew with reasonable certainty that their actions would cause Plaintiffs physical harm.

44. The Defendant Security Guards were acting as employees of "Secrets" Nightclub and within the scope of their employment when they physically assaulted Plaintiffs on January 24th and 25th, 2009. Plaintiffs suffered severe injuries as a result of said intentional battery.

WHEREFORE, Plaintiffs pray for judgment against the Defendant Security Guards and Defendant "Secrets" Nightclub in a fair and just amount sufficient to compensate them for the injuries they suffered and continue to suffer, plus, Plaintiffs seek costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count IV – Intentional Infliction of Emotional Distress

45. Plaintiffs re-allege paragraphs 1 through 28 as if fully repleaded herein.

46. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

47. The Defendant Security Guards' and the Defendant Dolton Police Officers illegal arrests, excessive force, malicious prosecution and unlawful seizure of Plaintiffs was committed with intentional disregard for Plaintiffs' innocence, and amount to extreme and outrageous conduct against Plaintiffs.

48. Defendant Security Guards and Defendant Dolton Police Officers intended to inflict severe emotional distress upon Plaintiffs and knew that there was a high probability that their conduct would cause them severe emotional distress and mental anguish.

49. As a direct and proximate result of this illegal and malicious conduct, Plaintiffs suffered extensive damages, including but not limited to severe physical and emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant Security Guards and Defendant Dolton Police Officers in a fair and just amount sufficient to compensate them for the injuries they suffered and continue to suffer, plus, Plaintiffs seek costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count V—State Law Claims Against Defendant City and against Defendant Respect 1 Fam Security
### *Respondeat Superior* and Indemnification

50.     Plaintiffs re-allege paragraphs 1 through 28 as if fully re-pleaded herein.

51.     Illinois law provides that public entities, such as Defendant City of Dolton, Illinois and Defendant Respect 1 Fam Security are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

52.     At all relevant times, Defendant Officers were agents of Defendant City of

        Dolton and employees of the Dolton Police Department acting within the

        scope of their employment.  Defendant City of Dolton, therefore, is liable

        as principal for all torts committed by its agents, Defendant Officers.

53.     At all relevant times, Defendant Security Guards were agents of

        Defendant Respect 1 Fam Security acting within the scope of their

        employment.  Defendant Respect 1 Fam Security, therefore, is liable as

        principal for all torts committed by its agents, Defendant Security Guards.

    WHEREFORE, Plaintiffs pray for judgment against Defendant City of Dolton

and Defendant Respect 1 Fam Security in a fair and just amount sufficient to

compensate them for the injuries they suffered, plus, Plaintiffs seek costs and

reasonable attorney fees, and all such other relief as this Court finds just and

equitable.

                                        ANTHONY FLOWERS,
                                        SPENCER FLOWERS, and
                                        TWYAYA FLOWERS,
                                        Plaintiffs,


                                        By:_____
                                              Jeffrey B. Granich
                                              Attorney for Plaintiff



JEFFREY B. GRANICH
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6207030

KATIE Z. EHRMIN
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6292120