09-1736.101-RSK                                      November 2, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ANTHONY FLOWERS, SPENCER FLOWERS, and TYWANA FLOWERS, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 09 C 1736 |
| "SECRETS" NIGHT CLUB, CITY OF DOLTON, ILLINOIS, DOLTON POLICE OFFICERS MARLON HARRIS, DAMON GRIFFIN and ENRIQUE HERRERA, and RESPECT 1 FAM SECURITY, EDWARD CRAYTON, EASH LOFTON, and DeWAYNE YARBROUGH, ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

Before the court are (1) the motion to dismiss of defendants Village of Dolton ("Dolton") and Dolton Police Officers Marlon Harris, Damon Griffin, and Enrique Herrera (the "Defendant Officers"), and (2) the motion to dismiss of defendant Secrets Lounge, Inc. ("Secrets").[1] For the reasons explained below we grant Secrets' motion and grant Dolton's and the Defendant Officers' motion in part and deny it in part.

### BACKGROUND

---

[1] It appears that plaintiffs misidentified both Dolton (a village and not a city) and Secrets (the corporation that owns Secrets nightclub) in the complaint's caption.

- 2 -

Plaintiffs Anthony Flowers, Spencer Flowers, and Tywana Flowers arrived at "Secrets" Nightclub on January 24, 2009 to celebrate their sister's birthday. (Second Am. Compl. ¶ 13.) Approximately one hour later "one or more" of defendants Edward Crayton, Eash Lofton, and DeWayne Yarbrough (the "Security Guards") approached plaintiffs. (Id. at ¶¶ 14-15.)[2] Plaintiffs allege that they were "acting fully in conformity with all laws" when "one or more" of the Security Guards escorted Spencer Flowers outside the nightclub and beat him. (Id. at ¶¶ 16-18.) When Anthony and Tywana Flowers attempted to intervene, the security guards attacked them, too: Anthony was "struck in the face" and Tywana was thrown "roughly to the ground." (Id. at ¶¶ 19-20.) The Defendant Officers then arrived on the scene and arrested Anthony and Spencer "at the direction of one or more of the Security Guards" and over plaintiffs' protests of innocence. (Id. at ¶ 22.) Anthony and Spencer were held in custody at the Dolton Police Station for "several hours" before they were released without being charged with any crime. (Id. at ¶¶ 25-26.)

Plaintiffs' five-count complaint alleges: (1) § 1983 false arrest against the Defendant Officers and Dolton (Count I); (2) § 1983 conspiracy against Secrets, the Security Guards, Dolton, and

<hr/>

[2] The Security Guards are employed by defendant Respect 1 FAM Security, which provided security services at the nightclub. (Second Am. Compl. ¶ 10.) To date, the Security Guards and Respect 1 FAM Security have not appeared in this case.

the Defendant Officers (Count II); (3) battery against the Security Guards and Secrets (Count III); (4) intentional infliction of emotional distress ("IIED") against the Security Guards and the Defendant Officers (Count IV); and (5) a respondeat-superior claim against Dolton and Respect 1 Fam (Count V). Secrets has moved to dismiss Count II, and Dolton and the Defendant Officers have moved to dismiss Counts II and Count IV, for failure to state a claim.

<strong>DISCUSSION</strong>

**A.    Standard of Review**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356, at 354 (3d ed. 2004). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 556 (2007)). When evaluating a motion to dismiss a complaint, we must accept as true all factual allegations in the complaint. <u>Iqbal</u>, 129 S. Ct. at 1949. However, we need not accept as true its legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere

- 4 -

conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555).

**B.    Secrets' Motion to Dismiss Count II**

"To state a § 1983 claim against a private actor, plaintiffs must show that the defendant invoked state authority in such a way that the defendant should be considered a state actor." <u>Davis v. Union Nat. Bank</u>, 46 F.3d 24, 25 (7th Cir. 1994).    Plaintiffs contend that Secrets is a state actor under the "joint action test." <u>Id.</u> at 26; <u>see also</u> (Pl.'s Resp. (Secrets) at 2.).    "A charge of joint action amounts to alleging some agreement between private and public actors to violate plaintiff's constitutional rights." <u>Cunningham v. Southlake Center For Mental Health, Inc.</u>, 924 F.2d 106, 107 (7th Cir. 1991).    In other words, a conspiracy. <u>See</u> <u>Moore v. Marketplace Restaurant, Inc.</u>, 754 F.2d 1336, 1352 (7th Cir. 1985); <u>see also</u> <u>Schoenhorn v. City of Chicago</u>, No. 95 C 3677, 1996 WL 521398, *4 (N.D. Ill. Sept. 11, 1996).    However, "the doctrine of respondeat superior is not available to a plaintiff in a section 1983 suit." <u>West By and Through Norris v. Waymire</u>, 114 F.3d 646, 649 (7th Cir. 1997).    This rule applies to government and private actors alike.    <u>See</u> <u>Iskander v. Village of Forest Park</u>, 690 F.2d 126, 128 (7th Cir. 1982); <u>see also</u> <u>Powell v. Shopco Laurel Co.</u>, 678 F.2d 504, 505-06 (4th Cir. 1982) (employer not liable for constitutional tort committed by its security-guard employee).

- 5 -

The conspiracy in this case, if there was one, is predicated on the allegation that the Security Guards "directed" the Defendant Officers to arrest Anthony and Spencer Flowers. "If the police promise to arrest anyone the shopkeeper designates, then the shopkeeper is exercising the state's function and is treated as if he were the state." Gramenos v. Jewel Companies, Inc., 797 F.2d 432, 436 (7th Cir. 1986) (citing cases). In Gramenos a supermarket security guard detained the plaintiff on suspicion of shoplifting. Id. at 434-35. Police officers arriving at the scene arrested the plaintiff, allegedly pursuant to a conspiracy among the officers, the security guard, and the supermarket to deprive him of his constitutional rights. Id. at 435. The Gramenos Court affirmed summary judgment in favor of the security guard and the supermarket, finding no evidence of an agreement. Id. at 436. This case is still at the pleading stage, but even before Twombly and Iqbal "mere allegations of a conspiracy" were insufficient to withstand a motion to dismiss. Moore, 754 F.2d at 1352; see also Cooney v. Rossiter, 583 F.3d 967, 970-71 (7th Cir. 2009). Besides being vague, nothing about the allegation that the Security Guards "directed" the Defendant Officers to arrest Anthony and Spencer Flowers suggests a "customary plan" among the defendants. See Moore, 754 F.2d at 1353; see also Gramenos, 797 F.2d at 436. If plaintiffs' pre-complaint investigation revealed other, similar arrests at the nightclub, or if there were facts alleged about this

- 6 -

particular arrest suggesting it was not an isolated occurrence,
then the inference of a conspiracy involving Secrets would be
stronger. See, e.g., Schoenhorn, 1996 WL 521398, *5-6 (finding
sufficient allegations of "joint action" where police officers and
private security guards, acting together, searched and arrested the
plaintiffs at several Taste of Chicago events). But it would be
pure speculation to infer a prearranged plan from the complaint's
allegations.

The inference that the Security Guards and the Defendant
Officers entered into a "spontaneous agreement" on the scene is
stronger. See Moore, 754 F.2d at 1362 (Gibson, J. dissent); see
also Bennett v. Holman, No. 95 C 2472, 1997 WL 158333, *1 (N.D.
Ill. Mar. 31, 1997) (conspiracy allegations sufficient where the
plaintiff "clearly allege[d] that the officers knew plaintiff had
committed no offense and that they induced the store manager to
sign a complaint which both they and the store manager knew was
false"). Indeed, for the reasons we explain in Section C of this
opinion, we conclude that the complaint's allegations are
sufficient to state a conspiracy claim against the other
defendants. But Secrets cannot be held liable under § 1983 simply
for hiring the company that employed the Security Guards. See
Iskander, 690 F.2d at 128 ("Zayre's liability may not be based
merely on the employer-employee relationship between it and the
store detective."). Besides the conclusory and insufficient
allegation that Secrets is a co-conspirator, that is all that the

- 7 -

complaint alleges as to Secrets. (<u>See</u> Second Am. Compl. ¶ 10.) If the plaintiffs believe in good faith that they can adequately plead a conspiracy claim against Secrets they may amend their complaint. But we emphasize that the Supreme Court has "retire[d]" the "no set of facts" formulation of the pleading standard that plaintiffs cite in their opening brief. <u>See</u> <u>Twombly</u>, 550 U.S. at 563; <u>cf.</u> <u>Smith v.</u> <u>Continental Community & Trust Co., Inc.</u>, No. 01 C 8263, 2002 WL 1023159, *3 (N.D. Ill. May 21, 2002) (pre-<u>Twombly</u> case cited by plaintiffs permitting "conclusory" conspiracy allegations).

One final note before turning to plaintiffs' claims against Dolton and the Defendant Officers. Without expressly asking us to dismiss the remaining state-law claims against it, Secrets suggests that we should decline to exercise supplemental jurisdiction over those claims. (Secrets' Mem. at 5.) Even after our ruling today federal claims arising from the same incident remain in the case. The fact that those claims are not directed to Secrets is not grounds to decline to exercise supplemental jurisdiction. <u>See</u> 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed <u>all</u> claims over which it has original jurisdiction.") (emphasis added); <u>Wiggins v. Philip</u> <u>Morris, Inc.</u>, 853 F.Supp. 458, 469-70 (D.D.C. 1994) (retaining supplemental jurisdiction over state-law claims against an individual defendant where federal claims remained against a corporate defendant); Charles A. Wright and Arthur R. Miller,

- 8 -

<u>Federal Practice & Procedure</u> § 3567.3 ("Section 1367(c)(3) applies
only if all of the underlying claims have been dismissed.").

## C.   Dolton's and the Defendant Officers' Motion to Dismiss Counts II & IV

Count II is arguably redundant as applied to Dolton and the
Defendant Officers. Section 1983 does not proscribe "conspiracies"
as such. <u>Goldschmidt v. Patchett</u>, 686 F.2d 582, 585 (7th Cir.
1982). Rather, a conspiracy is one way that a plaintiff may
satisfy the "state actor" element of its § 1983 claim against an
otherwise private individual or entity. <u>Id.</u> Dolton and the
Defendant Officers are state actors, so it is unnecessary to resort
to a conspiracy theory to make them liable under § 1983 for false
arrest. If, as plaintiffs allege, "the arrest was constitutionally
unreasonable, then the police are liable under § 1983 without
regard to the 'conspiracy,' and if not, not." <u>Gramenos</u>, 797 F.2d
at 435. However, defendants have not pursued this argument.
Instead, they argue that the complaint does not satisfy the
heightened requirements for pleading a conspiracy.

Plaintiffs do themselves no favor citing <u>Kunik v. Racine
County</u>, 946 F.2d 1574, 1580 (7th Cir. 1991), which set a high bar
for pleading a conspiracy. Later Seventh Circuit cases criticized
<u>Kunik</u> as inconsistent with Fed. R. Civ. P. 8. <u>See Walker v.
Thompson</u>, 288 F.3d 1005, 1008 (7th Cir. 2002); <u>see also Hoskins v.
Poelstra</u>, 320 F.3d 761, 764-65 (7th Cir. 2003). These cases did
not require detailed allegations of a meeting-of-the-minds, <u>see</u>

Hoskins, 320 F.3d at 764, but still held that the bare allegation of a "conspiracy" was insufficient. See Loubser v. Thacker, 440 F.3d 439, 442-43 (7th Cir. 2006) (conspiracy "differs from other claims in having a degree of vagueness that makes a bare claim of 'conspiracy' wholly uninformative to the defendant"). Instead, these cases required the plaintiff "to allege the parties, the general purpose, and the approximate date of the conspiracy." Id. Those facts are alleged in the complaint: the Security Guards conspired with the Defendant Officers on January 24, 2009 to arrest Anthony and Spencer Flowers, two innocent partygoers attacked by the Security Guards without provocation. Walker, Hoskins, and Loubser pre-date Twombly and Iqbal, but the latter cases do not require fact-pleading and do not permit district courts to decide a claim's merits on a motion to dismiss. See Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010). Plaintiffs will have their work cut out for them developing evidence of a conspiracy distinct from a run-of-the-mill case of a police officer relying on an eyewitness. See Gramenos, 797 F.2d at 436. But the claim, as pled, is not implausible in the sense that Twombly and Iqbal proscribe. See, e.g., Cooney v. Casady, 680 F.Supp.2d 942, 943 (N.D. Ill. 2010) (post-Iqbal conspiracy case relying on pleading standard established in cases like Hoskins); see also Swanson, 614 F.3d at 404 ("[I]n many straightforward cases, it will not be any more difficult today for a plaintiff to meet that burden than it was before" the Supreme Court's decisions in Twombly and Iqbal.).

Moreover, Dolton has not challenged plaintiffs' allegation that the Defendant Officers were acting "pursuant to the policy and practice of the Dolton Police Department." (Second Am. Compl. ¶ 39.)

However, we conclude that plaintiffs' IIED claim against the Defendant Officers is deficient. "In order to state a cause of action for intentional infliction of emotional distress under Illinois law, a plaintiff must allege that '(1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress, or knew that there was a high probability that his conduct would cause severe emotional distress; [and] (3) the defendant's conduct in fact caused severe emotional distress.'" <u>Cook v. Winfrey</u>, 141 F.3d 322, 330 (7th Cir. 1998) (quoting <u>Doe v. Calumet City</u>, 641 N.E.2d 498, 506 (Ill. 1994)). "'[L]iability [for intentional infliction of emotional distress] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency.'" <u>Id.</u> (quoting <u>Public Finance Corp. v. Davis</u>, 360 N.E.2d 765, 767 (1976)). The Defendant Officers arrived at the scene and arrested plaintiffs after the altercation with the Security Guards. They did so at the guards' "direction" and over plaintiffs' protests of innocence. Accepting plaintiffs' allegations as true, their arrest added insult to the physical injury inflicted by the Security Guards. That is insufficient. <u>Cf.</u> <u>Carr v. Village of Richmond</u>, No. 96 C 50203, 1996 WL 663921, *8 (N.D. Ill. 1996) ("In the

context of an arrest and a use of force by the police, there must be allegations of more than a misuse of police authority to support a claim of extreme and outrageous behavior."). If this is "extreme and outrageous" conduct then every false arrest claim simultaneously states an IIED claim.

## CONCLUSION

Dolton's and the Defendant Officers' motion to dismiss (53) is denied with respect to Count II and granted with respect to Count IV. Count IV is dismissed with prejudice as to those defendants. Secrets' motion to dismiss (50) is granted and Count II is dismissed without prejudice as to Secrets. Plaintiffs are given leave to file a third amended complaint by November 22, 2010 that cures the deficiencies we have identified, if they can do so. If plaintiffs choose not to file an amended complaint by that date, we will dismiss Count II with prejudice.


DATE:     November 2, 2010


ENTER:    _____

          John F. Grady, United States District Judge